IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **HOUSE OF LLOYD, SALES LLC,** *et al.* | ) |
| | ) Case No.: 02-40208 |
| Debtors. | ) Jointly Administered |
| | ) |
| **JANICE E. STANTON, TRUSTEE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **JOEL L. KIER,** | ) Adv. No.: _____ |
| | ) |
| **KIER GROUP HOL HOLDINGS LLC,** | ) |
| | ) |
| **KIER GROUP HOLDINGS LLC,** | ) |
| | ) |
| Serve: | ) |
| **Joel L. Kier** | ) |
| **712 Fifth Avenue** | ) |
| **New York, NY 10019,** | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS**

Janice E. Stanton, the duly-appointed Chapter 7 Trustee in the captioned bankruptcy case (the "Trustee" or "Plaintiff"), by and through her undersigned counsel, for her cause of action against defendants Joel Kier, Kier Group HOL Holdings LLC and Kier Group Holdings LLC (collectively, the "Defendants"), respectfully states as follows:

**General Allegations**

1. A voluntary Petition was filed by debtors House of Lloyd, Sales LLC, *et al.* (collectively "Debtors") under Chapter 11 of the Bankruptcy Code ( the "Code"), on January 14, 2002 (the "Filing Date").

2. On September 19, 2003, the Court issued its Order Granting Motion To Convert Case to Chapter 7.

3. Janice E. Stanton is the duly appointed, qualified and acting Chapter 7 Trustee in the captioned case.

4. This Adversary Proceeding is brought pursuant to Code §§ 542, 544, 547, 548 and 550 and Rule 7001 of the Federal Rules of Bankruptcy Procedure and arises under the Code and in the captioned Chapter 7 bankruptcy cases.

5. Jurisdiction over this proceeding is based upon 28 U.S.C. § 1334 in that this action arises under Title 11, United States Code. This is a "core proceeding" as defined in 28 U.S.C. § 157(b)(2)(F).

6. Venue is proper in this Court under 28 U.S.C § 1409.

7. Defendants are insiders of Debtors as defined in the Code § 101(31)(B).

**COUNT I – AVOIDANCE OF DEBTORS' PAYMENTS AS PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547**

8. Upon information and belief, within one (1) year of the Filing Date, Debtors transferred at least $625,601.50 of their property (the "One Year Transfers") to one or more of the Defendants on account of an antecedent debt owed by Debtors to Defendants before the One Year Transfers were made.

9. The One Year Transfers were made by Debtors to or for the benefit of Defendants, creditors of Debtors.

10. The One Year Transfers were made while Debtors were insolvent.

11. The One Year Transfers enabled Defendants to receive more than they would have received as creditors if (a) Debtors' bankruptcy cases were cases under Chapter 7 of the Code, (b)

the One Year Transfers had not been made, and (c) Defendants had received payment of their debts to the extent provided by the provisions of the Code.

12. The One Year Transfers are avoidable by the Trustee pursuant to Code §§ 547 and 550.

13. On September 3, 2004, written demand was made by the Trustee for the return of the One Year Transfers.

14. Defendants have failed and refused to return the One Year Transfers.

15. The Trustee is entitled to interest from September 3, 2004, the date of demand.

WHEREFORE, the Trustee respectfully requests that the Court enter the following:

a. An Order, pursuant to Code § 547, avoiding the One Year Transfers that Debtors made to Defendants;

b. Judgment in this action against Defendants in the amount of at least $625,601.50, together with interest from September 3, 2004, and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court;

c. An Order, pursuant to Code § 550, for recovery of the One Year Transfers, or an amount equal to the One Year Transfers, plus interest from September 3, 2004, and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court, and requiring the Defendants to pay such amount to the Trustee; and

d. An Order for such other and further relief as the Court may deem just and proper.

**COUNT II - AVOIDANCE OF DEBTORS' PAYMENTS AS FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A)**

16. The Trustee adopts and incorporates the preceding allegations as if set forth fully herein.

17. The One Year Transfers took place within one (1) year of the Filing Date.

WA 791040-1

18. Upon information and belief, the One Year Transfers were made with the actual intent to hinder, delay or defraud Debtors' creditors.

19. The Transfers are avoidable by the Trustee pursuant to the Code § 548(a)(1)(A).

20. On September 3, 2004, written demand was made by the Trustee to Defendants for the return of the One Year Transfers.

21. Defendants have failed and refused to return the One Year Transfers.

22. The Trustee is entitled to interest from September 3, 2004, the date of demand.

WHEREFORE, the Trustee respectfully requests that the Court enter the following:

a. An Order, pursuant to Code § 548(a)(1)(A), avoiding the One Year Transfers that Debtors made to Defendants;

b. Judgment in this action against Defendants in the amount of at least $625,601.50, together with interest from September 3, 2004, and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court;

c. An Order, pursuant to Code § 550, for recovery of the One Year Transfers, or an amount equal to the One Year Transfers, plus interest from September 3, 2004, and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court, and requiring Defendants to pay such amount to the Trustee; and

d. An Order for such other and further relief as the Court may deem just and proper.

**COUNT III - AVOIDANCE OF DEBTORS' PAYMENTS AS FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B)**

23. The Trustee adopts and incorporates the preceding allegations as if set forth fully herein.

24. The One Year Transfers took place within one (1) year of the Filing Date.

25. Upon information and belief, Debtors received less than a reasonably equivalent value for the One Year Transfers.

26. The One Year Transfers were made while Debtors were insolvent or, in the alternative, such transfers rendered Debtors insolvent, or in the alternative, Debtors were engaged in a business or a transaction, or were about to engage in a business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital, or in the alternative, Debtors intended to incur, or believed that Debtors would incur, debts that would be beyond Debtors' ability to pay as such debts matured.

27. The One Year Transfers are avoidable by the Trustee pursuant to the Code § 548(a)(1)(B).

28. On September 3, 2004, written demand was made by the Trustee to Defendants for the return of the One Year Transfers.

29. Defendants have failed and refused to return the One Year Transfers.

30. The Trustee is entitled to interest from September 3, 2004, the date of demand.

WHEREFORE, the Trustee respectfully requests that the Court enter the following:

a. An Order, pursuant to Code § 548(a)(1)(B), avoiding the One Year Transfers that Debtors made to Defendants;

b. Judgment in this action against Defendants in the amount of at least $625,601.50, together with interest from September 3, 2004, and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court;

c. An Order, pursuant to Code § 550, for recovery of the One Year Transfers, or an amount equal to the One Year Transfers, plus interest from September 3, 2004, and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court, and requiring the Defendants to pay such amount to the Trustee; and

d. An Order for such other and further relief as the Court may deem just and proper.

## COUNT IV - AVOIDANCE OF DEBTORS' PAYMENTS AS A FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544

31. The Trustee adopts and incorporates the preceding allegations as if set forth fully herein.

32. Upon information and belief, within four (4) years of the Filing Date, Debtors transferred at least $1,050,600.00 of their property to one or more of the Defendants (the "Four Year Transfers").

33. Upon information and belief, the Four Year Transfers were made with the actual intent to hinder, delay or defraud Debtors' creditors or, in the alternative, Debtors received less than a reasonably equivalent value for the Four Year Transfers.

34. The Four Year Transfers were made while Debtors were insolvent or, in the alternative, such transfers rendered Debtors insolvent, or in the alternative, Debtors were engaged in a business or a transaction, or were about to engage in a business or a transaction, for which any property remaining with the Debtors was unreasonably small in relation to the business or transaction, or in the alternative, Debtors intended to incur, or believed that Debtors would incur, debts that would be beyond Debtors' ability to pay as such debts matured.

35. At least $625,601.50 of the Four Year Transfers were made to Defendants for an antecedent debt within one (1) year of the Filing Date while the Debtor was insolvent. Upon information and belief, the Defendants had reasonable cause to believe that Debtors' were insolvent.

36. The Four Year Transfers are avoidable under the Uniform Fraudulent Transfer Act of the State of Missouri.

37. The Four Year Transfers are avoidable by the Trustee pursuant to Code § 544(b).

38. On September 3, 2004, written demand was made by the Trustee to Defendant for the return of the Four Year Transfers.

39. Defendants have failed and refused to return the Four Year Transfers.

40. Defendants' conduct in causing the Four Year Transfers to be made given the Debtors' financial condition at such time and/or given Defendants' knowledge concerning Debtors' ability to pay its debts, on information and belief, is outrageous and demonstrates evil and malicious motive and/or reckless disregard for the rights of Debtors' creditors, so as to give rise to punitive damages.

41. The Trustee is entitled to interest from September 3, 2004, the date of demand.

WHEREFORE, the Trustee respectfully requests that the Court enter the following:

a. An Order, pursuant to Code § 544(b), avoiding the Four Year Transfers that Debtors made to Defendants;

b. Judgment in this action against Defendants in the amount of at least $1,050,600.50, together with interest from September 3, 2004, punitive damages to be determined at trial and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court;

c. An Order, pursuant to Code § 550, for recovery of the Four Year Transfers, or an amount equal to the Four Year Transfers, plus interest from September 3, 2004, punitive damages to be determined at trial, and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court, and requiring Defendants to pay such amount to the Trustee; and

d. An Order for such other and further relief as the Court may deem just and proper.

## COUNT V – TURNOVER OF PROPERTY OF THE ESTATE
## PURSUANT TO 11 U.S.C. § 542

42. The Trustee adopts and incorporates the preceding allegations as if set forth fully herein.

43. Upon information and belief, between approximately 2000 and 2001, Debtor paid approximately $105,013.04 in expenses for defendant Kier Group HOL Holdings LLC ("Holdings"). On or about June 21, 2001, Debtors made demand for the $105,013.04 (the "Debt").

44. The Debt constitutes property of Debtor's estate pursuant to Code § 541(a)(1), in that the Debt constitutes a legal interest of Debtor in property as of the Filing Date.

45. Code § 542(b) states that "[A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee . . . ."

46. Written demand was made by Debtors on or about June 21, 2001 to Holdings for the turnover of the Debt.

47. Holdings has failed to return the Debt.

48. The Trustee is entitled to interest from the Demand Date. On account of his involvement with Holdings, defendant Joel Kier, upon information and belief, is also liable for the Debt.

WHEREFORE, the Trustee respectfully requests that the Court enter the following:

a. Judgment in this action against Defendants in the amount of $105,013.04, together with interest from June 21, 2001, and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court;

b. An Order, pursuant to Code § 542(b), compelling Defendants to pay the Debt, plus interest from June 21, 2001, and costs and attorneys' fees to the extent recoverable under applicable

law and the evidence submitted to the Court, and requiring the Defendants to pay such amount to the

Trustee; and

    c.    An Order for such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

    SPENCER FANE BRITT & BROWNE LLP

    /s/  Eric L. Johnson
    Scott J. Goldstein    MO # 28698
    Lisa A. Epps    MO # 48544
    Eric L. Johnson    MO # 53131
    1000 Walnut Street, Suite 1400
    Kansas City, MO  64106
    (816) 474-8100
    (816) 474-3216 – Fax

    and

    STANTON & REDLINGSHAFER, L.L.C.

    Janice E. Stanton    MO #34055
    Rex A Redlingshafer    MO #38583
    104 West 9th Street, Suite 303
    Kansas City, MO 64105
    (816) 421-7770
    (816) 421-7773 – Fax

    ATTORNEYS FOR CHAPTER 7 TRUSTEE